IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02255-M-RJ

MALIK AL-SHABAZZ,

    Petitioner,

v.

WARDEN SCARANTINO,

    Respondent.

ORDER

On November 20, 2023, Malik Al-Shabazz ("petitioner"), then an inmate at F.C.I. Butner, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1].

This cause is before the court for initial review under § 2243.

Petitioner's Filings:

Petitioner generally argues that the Federal Bureau of Prisons ("BOP") wrongly denied him earned "time credits" under the First Step Act ("FSA") due to uncorrected inaccuracies in his recidivism risk score. See Pet. [D.E. 1] at 2, 6. For relief, petitioner seeks a retroactive reassessment of his recidivism risk score, 365 days of FSA credits, release to home confinement or supervised release, and "15 days a month starting with his last unit team [sic]." Id. at 7.

In his November 20, 2023, self-styled "motion for writ of mandamus," petitioner argues that the BOP wrongly failed to retroactively adjust his recidivism risk score for the purposes of application of FSA "time credits." See Mot. [D.E. 2] at 1. For relief, petitioner asks that he be "reclassified as a minimum risk level" and be given 365 days of FSA credit. Id. at 2.

In his January 12, 2024, self-styled "motion for emergency injunction [writ of mandamus] [sic]," petitioner generally argues he is in solitary confinement for filing a Prison Rape Elimination

Act ("PREA") complaint against a Unit Manager pursuant to a strip search, he "suffers from stage 4 cancer and has a port in his chest [sic]," and there are errors in the Federal Bureau of Prison's calculation of his recidivism risk score for FSA time credits. Mot. [D.E. 10] at 1–2. For relief, petitioner asks the court to direct respondent to provide petitioner a 6-month review, to update and correct his FSA Time Credit Assessment Sheet, and "to allow Petitioner to cash in his 270 days" of FSA "time credits" to allow for release to home confinement in September 2024. Id. at 3.

In his January 12, 2024, self-styled "Motion for Emergency Injunction [in § 2241 case] [sic]," petitioner reiterates he is in solitary confinement due to a PREA complaint, he should be deemed low or minimum risk for recidivism, and he has filed grievances regarding his FSA "time credits," but the BOP has not corrected its errors. See Mot. [D.E. 11] at 1–2. For relief, petitioner asks the court to order respondent to provide petitioner a 6-month review, to update and correct his FSA Time Credit Assessment Sheet, and "to allow Petitioner to cash in his 270 days" of FSA "time credits" to allow for release to home confinement in September 2024. Id. at 3.

In his January 22, 2024, self-styled "Motion for Emergency Hearing in Petitioner's § 2241 case [sic]," petitioner asserts he would be entitled to immediate release were his FSA credits properly applied. Mot. [D.E. 12] at 1. For relief, he seeks a hearing on the matter. Id. at 2–3.

In his March 25, 2024, "motion for emergency hearing," petitioner contends he should have been released on January 31, 2024, but his case manager refused to correct an error on his FSA recidivism risk assessment pattern sheet. Mot. [D.E. 13] at 1. Petitioner asks the court to direct respondent to correct the recidivism risk score and apply his FSA "time credits." Id. at 3.

In his March 25, 2024, self-styled "motion/petition for full access to the law library and automatic law library [sic]," petitioner asserts he believes he is being denied access to a law library

2

in retaliation for filing legal cases. Mot. [D.E. 14] at 1. For relief, petitioner asks the court to order the respondent to provide him four hours of law library time daily and access to copies. Id.

In his March 25, 2024, self-styled "motion for emergency hearing and request for immediate release due to expired sentence [sic]," petitioner states, if errors in his recidivism sheet were corrected, he would be eligible for FSA credits and release "ASAP [sic]." Mot. [D.E. 15].

## Discussion:

Because it is unclear from the face of the petition whether petitioner is entitled to relief, the court allows the action to proceed. For the reasons discussed below, however, the court denies petitioner's various pending motions.

First, because respondent has not yet been directed to answer the petition, petitioner's requests for an emergency hearing and immediate release are premature.

Next, mandamus is an extraordinary remedy available only if the movant "exhausted all other avenues of relief" and is owed a "nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); see Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016). Succinctly stated, petitioner fails to show clear entitlement to the extraordinary remedy of mandamus relief. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) ("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." (quotations omitted)).

Next, prisoners do not have an "abstract, freestanding right to a law library or legal assistance," Lewis v. Casey, 518 U.S. 343, 351 (1996), and petitioner also is not entitled to copies at the government's expense, see United States v. Gallo, 849 F.2d 607, 1988 WL 60934, at *1 (4th

3

Cir. May 31, 1988) (per curiam) (unpublished table decision); see also Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292–93 (11th Cir. 2012) (per curiam) (unpublished). Moreover, courts only issue injunctive relief involving the management of prisons under exceptional circumstances, see Taylor v. Freeman, 34 F.3d 266, 268–269 (4th Cir. 1994), and petitioner fails to demonstrate the requisite exceptional circumstances for the requested injunctive relief.

## Conclusion:

In sum, the court: ALLOWS TO PROCEED this petition; DIRECTS the clerk to continue management of the action in accordance with the district plan; GRANTS the motion seeking leave to proceed *in forma pauperis* [D.E 7]; and, for the reasons discussed above, DENIES the motions seeking mandamus, access to a law library, copies, injunctive relief, and an emergency hearing [D.E. 2, 10, 11, 12, 13, 14, 15]. The court further DIRECTS the clerk to update the docket to reflect petitioner's present address of incarceration at F.C.I. Edgefield. See BOP Inmate Locator, http://www.bop.gov/inmateloc/ (search by inmate number) (last visited Apr. 12, 2024).

SO ORDERED this 19th day of April, 2024.

RICHARD E. MYERS II
Chief United States District Judge